Byron James STEVENS, III, Petitioner,

v.

STATE of North Carolina, Defendant.

Byron J. STEVENS, III, Petitioner,

v.

Aaron JOHNSON, Defendant.

No. C–C–84–001–M.

Misc. No. 19 (C–C–86–335–M).

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 16, 1986.

Byron J. Stevens, III, pro se.

Barry McNeill, Office of North Carolina Atty. Gen., Raleigh, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

Byron Stevens is serving a life sentence for the first-degree murder of Amos Belk. On June 6, 1976, there was a fire at the home he was sharing with Belk. Belk was burned severely, petitioner slightly. Both were taken to the hospital. Belk died at the hospital on July 3, 1976. Petitioner was indicted, tried, and convicted for the murder. Crucial evidence in the trial was Belk's dying declaration implicating petitioner. In 1978 the North Carolina Supreme Court affirmed petitioner's conviction. *State v. Stevens*, 295 N.C. 21, 243 S.E.2d 771. Since that time, he has been a regular litigant in this court, having filed six previous habeas corpus petitions (C–C–78–60–M, C–C–80–92–M, C–C–82–79–M, C–C–83–262–M, C–C–83–337–M, and C–C–83–438–M) and four actions for damages under

42 U.S.C. § 1983 (C–C–78–41–M, –46–M, –49–M, and –50–M).

On March 5, 1979, the court issued an order in C–C–78–60–M that dismissed all of petitioner's claims up to that point, most of them on the merits. On July 16, 1980, in C–C–80–92–M the court dismissed on the merits a claim that had been dismissed in C–C–78–60–M for failure to exhaust state remedies. On February 16, 1982, the court dismissed C–C–82–79–M as duplicative. On July 28, 1983, the court dismissed C–C–83–262–M and C–C–83–438–M as duplicative, and denied petitioner's motions to reconsider the dismissals of C–C–78–60–M, C–C–80–92–M, and C–C–82–79–M. On November 19, 1984, the court dismissed C–C–83–337–M as entirely duplicative.

In December of 1983, petitioner submitted the first captioned petition. In February of 1986, he submitted the second. Going in reverse order, in the latter petition Stevens makes two arguments:

1. That he was denied his constitutional rights when he was not taken to the hospital to confront Belk before Belk died.

2. That he was denied effective assistance of counsel because his counsel failed to interview Belk at the hospital before Belk died.

■ Argument 1 was considered on the merits in the court's March 5, 1979, order in C–C–78–60–M at pages 12, 13, and 15. Argument 2 was considered generally in the July 16, 1980, order in C–C–80–92–M. The court found that petitioner's trial counsel spent "considerable time" on petitioner's case:

"He investigated the psychiatric and criminal background of the decedent in detail. He spoke with the decedent's mother, brother, and sister. He investigated reports of incidents involving Belk which might have cast doubt on his credibility. He went to the Alcohol Center at which Belk allegedly received treatment to try to find Belk's counselor, and he interviewed any neighbors who gave promise of witnessing to Belk's character. He interviewed all witnesses to the fire whom he could find by going door-to-door in the neighborhood" (page 2).

The fact that counsel did not try to interview Belk at the hospital does not change the court's conclusion that counsel was not incompetent. Counsel may well have determined that the time was better spent investigating Belk's background and general reputation than attempting to interrogate the dying man at the hospital.

■ Petitioner's claim of ineffective assistance of counsel, having failed under the standard in effect in 1980, also fails under today's standard. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner has not shown that counsel's error was "so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. Nor has petitioner shown that counsel's failure to try to interview Belk at the hospital "prejudiced the defense." *Id.* There is simply no showing that "counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id.*

The second captioned petition is duplicative and may be dismissed. *Sanders v. United States*, 373 U.S. 1, 7–8, 83 S.Ct. 1068, 1072–73, 10 L.Ed.2d 148 (1963). To the extent it is not duplicative, the court finds it meritless.

In the first captioned petition, Stevens makes six claims, one of which the court may not consider and four of which have been considered on the merits previously:

1. That the indictment under which he was tried was defective because it listed the date of Belk's death as June 6, 1976, rather than July 3, 1976.

2. That his arrest was unconstitutional because he was never read his *Miranda* rights, was taken from the hospital emergency room against his will, and was denied the right to leave when he desired.

3. That he has been denied the right to effective assistance of counsel at trial and on appeal.

4. That the alleged dying declaration of Belk was involuntary, not of his own free will and desire, and that Belk did not know what he was saying.

5. That the search of the house he and Belk were living in was unconstitutional because there was no warrant and permission had not been given by the occupants.

6. That his indictment was unconstitutional because the grand jury that issued it was held in secret and did not permit him to testify, to cross-examine the witnesses that did testify, or to produce his own witnesses.

Arguments 1, 2, and 4 were considered on the merits and rejected in the court's March 5, 1979, order in C–C–78–60–M. Argument 1 was discussed at pages 8 through 10. The *Miranda* portion or argument 2 was discussed at pages 5 and 6, and the probable cause portion at page 4. With regard to argument 4, the court noted on page 4 of that order that *Miranda* warnings did not apply to dying declarations, and on pages 12 and 13, the court considered the dying declaration exception to the confrontation clause of the Sixth Amendment.

The ineffective assistance of counsel argument, number 3, as already noted, was considered on the merits in the court's July 16, 1980, order in C–C–80–92–M.

These four arguments may, under *Sanders*, be dismissed as duplicative.

 Argument 5 was raised in C–C–78–60–M and dismissed due to *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *Stone* is still good law. Therefore, because North Carolina provides defendants with a full and fair opportunity to have their fourth amendment claims heard in a state forum (N.C.G.S. § 15A–977), the court cannot consider petitioner's Fourth Amendment claim.

The sixth argument has not, so far as the court can tell, been raised before. This argument is, however, without merit. First, it is well settled that grand jury proceedings need not be open. *United States v. Johnson*, 319 U.S. 503, 513, 63 S.Ct. 1233, 1238, 87 L.Ed. 1546 (1943); *United States v. Procter & Gamble*, 356 U.S. 677, 681–82, 78 S.Ct. 983, 985–86, 2 L.Ed.2d 1077 (1958); *cf. Press-Enterprise Co. v. Superior Court of California*, —— U.S.——, ——————, 106 S.Ct. 2735, 2739–41, 92 L.Ed.2d 1 (1986). Second, an accused has no constitutional right to appear before a grand jury either personally or through counsel, or to be heard, or to have witnesses sworn and examined on his behalf. *United States ex rel. McCann v. Thompson*, 144 F.2d 604, 605–06 (2d Cir.), *cert. denied* 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944); *Sweeney v. Balkcom*, 358 F.2d 415, 417 (5th Cir.1966); *United States v. Tallant*, 407 F.Supp. 878, 883 (N.D.Ga. 1975); *accord United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 618–19, 38 L.Ed.2d 561 (1974).

IT IS THEREFORE ORDERED:

1. That leave to file *in forma pauperis* in *Stevens v. Johnson*, misc. 19, is GRANTED;

2. That *Stevens v. Johnson*, misc. 19, is DISMISSED; and

3. That *Stevens v. State of North Carolina*, C–C–84–001–M is also DISMISSED.